UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LEVANT WALKER,
     Plaintiff,

vs.                                       09-1128

SYLVIA MAHONE, .
     Defendant.

CASE MANAGEMENT ORDER

This cause is before the court for consideration of various pending motions including: Defendant Sylvia Mahone's first motion for summary judgement [d/e 39]; the Plaintiff's motion to compel discovery [d/e 48]; the Plaintiff's Petition for Mandamus [d/e 49]; the Plaintiff's motions for medical records [d/e 51, 60, 67]; the Plaintiff's motion requesting a trial date [d/e 61]; and the Defendant's motions to strike two of the Plaintiff's filings. [d/e 62, 65].

## I. BACKGROUND

The pro se Plaintiff filed his complaint pursuant to 42 U.S.C.§1983 against the Medical Director at Pontiac Correctional Center. On May 1, 2009, the court conducted a merit review of the Plaintiff's complaint and found that he had adequately alleged that Sylvia Mahone was deliberately indifferent to his serious medical condition. *See* May 1, 2009 Text Order. Specifically, the Plaintiff says he was transferred to Pontiac Correctional Center on March 4, 2009, and his medications were taken from him. The Plaintiff says as a result, he developed "ring worm circles" and sores all over his body. (Comp., p. 5) The Plaintiff stated that he was bleeding, itching and in great pain and discomfort. He says he finally was allowed to see a doctor on March 13, 2009. The doctor said he was going to prescribe some cream for the Plaintiff, but the Plaintiff said he never received it.

Defendant Mahone has now filed a motion for summary judgement claiming that the Plaintiff has failed to exhaust his administrative remedies for his claim against her.

## II. FACTS

The Illinois Department of Corrections has an established grievance process. See 20 Ill. Admin. Code §§ 504.800 *et seq.* An inmate is first required to speak with a counselor about the contested issue. 20 Ill. Admin. Code § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 Ill. Admin. Code § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 Ill. Admin. Code § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within

six month after receipt of the grievance. 20 Ill. Admin. Code § 504.850(f).  When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Alternatively, an inmate can request that a grievance be handled on an emergency basis by submitting the grievance directly to the warden. 20 Ill. Admin. Code § 504.840.  If the warden determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is to be handled on an emergency basis. 20 Ill. Admin. Code § 504.840. The process also provides: "If, after receiving the response of the [warden], the offender still feels that the problem, complaint, or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision." 20 Ill. Admin. Code § 504.850.

Sherry Benton says she is the chairperson of the Administrative Review Board (herein ARB) and is familiar with the board's record keeping. (Def. Memo, Benton Aff., p. 1)   Benton says she searched the records for any grievances filed by the Plaintiff from March 4, 2009 to the present concerning sores on his body.  Benton says she found one such grievance which was dated March 9, 2009 and she has provided a copy. (Def. Memo, Benton Aff., p. 3)

The Plaintiff does claim in his grievance that he suffers from bumps and sores on his body. (Def. Memo, Ex.1, p. 13).   The Plaintiff says a nurse did provide him cream for the sores, but he is still itching and bleeding and in discomfort.   The Plaintiff says he needs to see a doctor.

 The Plaintiff signed his grievance on March 9, 2009 and marked that he was asking for his grievance to be considered for emergency review.   On March 11, 2009, the grievance is stamped as received and purportedly signed by the Warden.  A box is checked on the grievance which reads, "[n]o, an emergency review is not substantiated.  Committed Person should submit this grievance in the normal manner." (Def. Memo, Ex. 1, p. 13)   There is not further comment on the grievance and no review of the merits of his claim.

Benton says the Plaintiff then sent this grievance to the ARB on April 2, 2009.(Def. Memo, Benton Aff., p. 4)  However, the board returned the grievance with a notice stating that it did not included the required copy of form "DOC 0047" with the Grievance Officer and Warden's response. (Def. Memo, Ex.1, p. 12).   There is also a handwritten note at the bottom of the notice from Benton which states, "you are required to also provide the above, as your grievance indicates your issue is with Pontiac HCU.' (Def. Memo, Ex.1, p. 12)   Benton says the Plaintiff never provided any further information to the ARB

## III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV. ANALYSIS

The Defendant argues that the Plaintiff failed to exhaust his administrative remedies for his claim against her before he filed his lawsuit. The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The Defendant claims the Plaintiff did not exhaust his administrative remedies because he never resubmitted his grievance to the Administrative Review Board with the responses from the Grievance Officer and the Warden. The Defendant ignores the fact that the Plaintiff submitted his grievance as an emergency grievance. The only way the Plaintiff could obtain DOC form 0047 and a response from the Grievance Officer was to resubmit his grievance through the regular grievance procedures. *See Cooper v. Evans*, 2010 WL 3895702 at 3 (S.D.Ill., Sept. 29, 2010).

In addition, the "defendants' position that (the Plaintiff) was required to go back to the grievance officer and start over after his emergency grievance had been rejected by the warden and the ARB is at odds with 20 Ill. Admin. Code. § 504.840 and *Thornton v. Snyder,* 428 F.3d 690, 694 (7th Cir.2005)." *Glick v. Walker*, 2010 WL 2775864 at 4 (7th Cir. July 13, 2010). The Seventh Circuit in *Thornton* held that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary. *Thornton,* 428 F.3d at 694; *Glick v. Walker*, 2010 WL 2775864 at 4(defendants cannot use the exhaustion requirement to demand that an inmate do more than what administrative rules require);*Ruiz v. Tilman*, 2009 WL 528680 at 5 (N.D.Ill. Feb. 25,2009)(inmate required to follow the procedures set forth in the Illinois Administrative Code which does not require him to resubmit grievance); s*ee also Muhammad v. McAdory*, 2007 WL 173822 (7th Cir. Jan. 17., 2007)(inmate not required to resubmit grievance through standard procedures after warden concludes it is not an emergency); *Cooper v. Evans*, 2010 WL 3895702 at 3 (S.D.Ill., Sept. 29, 2010)(inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels). The Defendant fails to acknowledge *Thornton* and provides no evidence in support of her claim that the Plaintiff had to resubmit his grievance. Therefore, the motion for summary judgement is denied. [d/e 39]

## V. ADDITIONAL MOTIONS

The parties have filed various other motions with the court. The Plaintiff has filed a motion to compel discovery asking that Defendant Mahone provide him with a copy of his medical records. [d/e 48]. Defendant Mahone says she no longer works at Pontiac Correctional Center and does not have the records. The court notes that the Defendant is not employed by the Illinois Department of Corrections, but is instead employed by Wexford Health Sources, Inc.

The Defendant also says she has subpoenaed the medical records and would provide a copy to the Plaintiff if he would pay a portion of the copying costs. In addition, the Defendant points out that the Plaintiff is entitled to access to his own medical records from the Illinois Department of Corrections. *See* 20 Il Adm. Code 107.310(b) ("Medical records shall be disclosed to a committed person or to his or her authorized attorney upon receipt of a written request for the information and a release signed by the committed person"). The Defendant says the Plaintiff could also file a petition for mandamus pursuant to 735 ILCS §5/14-101 asking the court pursuant to its supplemental jurisdiction to order the Department of Corrections to comply with its own regulation. The Plaintiff has responded by filing a Petition for Mandamus [d/e 49] as well several motions asking the court to issue a "subpoena" for his medical records. [d/e 51, 60, 67]

The Plaintiff says he has written to the Medical Records Department and asked for a copy of his medical records but has not received a response. The court also notes that Defendant Mahone has now filed a second motion for summary judgement in which she claims to have reviewed the Plaintiff's medical records. The pro se Plaintiff must also have copies of these records in order to litigate his claims. Neither the Illinois Department of Corrections, nor any of its employees are defendants in this litigation. In order to prevent any further delays or additional proceedings concerning discovery, the court will order the Defendant to provide the Plaintiff with a copy of this medical records in her possession within 21 days. The Plaintiff's motions are therefore denied as moot. [d/e 48, 49, 51, 60, 67]

The Plaintiff has also filed a motion requesting a trial date [d/e 61] and the Defendant has filed a motion to strike the Plaintiff's motion. [d/e 65]. The court will not set a trial date until it has considered the pending motion for summary judgment. Therefore, the Plaintiff's motion for a trial date is denied [d/e 61] and the Defendant's motion to strike the motion is moot. [d/e 65]

The court notes that the only response the Plaintiff has filed to the second motion for summary judgement are two documents entitled "Statement of Undisputed Facts." [d/e 58, 59]. The Defendant has filed a motion to strike these documents since neither is a proper response to the pending motion. The motion to strike is denied. [d/e 62]. The Plaintiff is proceeding pro se and the court will consider the documents. However, the court again reminds the Plaintiff that "[s]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson,* 325 F.3d at 901. The Plaintiff must come forward with some evidence beyond his pleadings in support of his claims. Since the Plaintiff says he has not received a copy of his medical records yet, the court will allow the Plaintiff additional time to provide a further and more complete response to the summary judgement motion.

**IT IS THEREFORE ORDERED that:**

**1) Defendant Mahone's first motion for summary judgement is denied.[d/e 39]**

**2) Defendant Mahone is to provide the Plaintiff with a copy of the medical records she has obtained concerning the Plaintiff's claims within the next 21 days. The Plaintiff's various motions for copies of his medical records are denied. [d/e 48, 49, 51, 60, 67] The court will allow the Plaintiff additional time to provide further response to the pending motion for summary judgement. The Plaintiff must file any additional response on or before January 5, 2011.**

**3) The Plaintiff's motion for a trial date is denied [d/e 61]. The Defendant's motion to strike the motion is therefore moot. [d/e 65]**

**4) The motion to strike the Plaintiff's statements of undisputed facts is denied. [d/e 62]. However, the Plaintiff is admonished that he must provide a more complete response to the summary judgement motion providing some evidence to support his claims.**

Entered this 8th day of December, 2010.

**s/ Joe Billy McDade**

_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE